**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DONALD BASKIN, et al.**                                                                  **PLAINTIFFS**

**V.**                                 **CIVIL ACTION NO.: 1:07CV58-SA-JAD**

**CITY OF HOUSTON, MISSISSIPPI
AND OFFICER LARRY MIMS**                                                **DEFENDANTS**

## ORDER DENYING
## MOTION TO RECONSIDER

Comes now before this Court, Plaintiffs' Motion to Reconsider [50]. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*Factual Background*

The Court issued an opinion and order granting the Defendants' Motion for Summary Judgment [48,49]. The Court first addressed Plaintiffs' Fourth Amendment excessive force claim analyzing whether the requisite "seizure" had occurred. The Court expressly noted, "Plaintiffs have failed to produce any summary judgment evidence, affidavits, depositions, or otherwise to substantiate their claim" that Officer Mims intentionally discharged his weapon. The Court further noted that "even the Plaintiffs have been unwilling to say the shooting was intentional" in their oppositional response. As such, this Court concluded Plaintiffs had presented no evidence which could support a finding by a reasonable trier of fact that Officer Mims violated the Decedent's Fourth Amendment rights.

In analyzing Plaintiffs' Fourteenth Amendment substantive due process claims, the Court reiterated Plaintiffs' depiction of Officer Mims' conduct as negligent in nature rather than intentional, and the Court found Officer Mims lacked the requisite purpose to harm the Decedent. Accordingly, the Court opined that Plaintiffs had presented no evidence by which a reasonable trier

of fact could conclude Officer Mims had violated the Decedent's Fourteenth Amendment rights.

As to Plaintiffs' state law claims, the Court determined various Mississippi Tort Claims Act exemptions were applicable and warranted the dismissal of Plaintiffs' claims against Officer Mims in his official capacity. Specifically, Mississippi Code Annotated Section 11-46-9(c) supports the Court's finding that the underlying incident related to the performance and execution of Officer Mims' duties as a police officer, and thus, the state law claims against him in his official capacity must be dismissed. Other exemptions were deemed applicable as Decedent was engaged in criminal activity, resisting a lawful arrest, at the time he was shot. Thus, Municipal Defendants' motion was granted in its entirety.

The Plaintiffs have filed a Motion to Reconsider claiming this Court improperly resolved the following purported "disputed questions of fact which should be determined at trial:" (1) whether the use of force was excessive in drawing/displaying the gun while chasing and apprehending the Decedent; (2) whether Officer Mims accidently or intentionally pulled the trigger; and (3) whether the Decedent was resisting arrest.

*Reconsideration Standard*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those words. Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F. 2d 167, 173 (5th Cir. 1990); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant to Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls

2

under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the current motion was filed within ten days of the judgment, the Court will consider it under Rule 59(e). See, e.g., Neely v. Regions Bank, Inc., 2007 U.S. Dist. LEXIS 11775, 2007 WL 571111 (N.D. Miss. Feb. 20, 2007).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

*Application and Analysis*

In the instant case, Plaintiffs have failed to argue any intervening change in controlling law or the availability of new evidence. Moreover, Plaintiffs do not assert the need to correct a clear error of law or prevent manifest injustice. Plaintiffs' arguments are merely a regurgitation of their response in opposition to summary judgment. A motion for reconsideration cannot be used to allow litigants an unlimited number of chances to rehash theories already rejected by the Court. Anderson v. Monsanto Co., 235 Fed. Appx. 255, 256 (5th Cir. 2007).

*Conclusion*

As the Plaintiffs have failed to bring forth any intervening change in controlling law; the availability of new evidence not previously available; or the need to correct a clear error of law or prevent manifest injustice, the Motion to Reconsider [50] is DENIED.

SO ORDERED, this the 28th day of September 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**